IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN ANTHONY ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1146-L |
| ) | |
| JUSTIN JONES, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary proceeding. United States District Judge Tim Leonard has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has responded to the petition, and Petitioner has filed a reply. Thus, the matter is at issue. Additionally, Petitioner has filed an Emergency Application for a Temporary Restraining Order and/or a Preliminary Injunction against the Respondent,[1] which will also be addressed.

Petitioner filed the petition herein following his February 17, 2005 disciplinary conviction for individual disruptive behavior. Petition, p. 7. As a result of the conviction Petitioner lost 120 earned credits, was removed from his work release assignment, and was denied parole consideration. Petition, p. 7. On March 14, 2005, Petitioner appealed the disciplinary conviction. Petition, p. 7. On June 8, 2005, Mike Cody, the administrator, ordered a rehearing after concluding that Petitioner had not been given the required twenty-four hours notice before the hearing and "[t]he written statement of

---

[1] The undersigned notes that Petitioner has filed similar motions in his other two cases, CIV-05-1144-L and CIV-05-1145-L, which are currently pending before other Magistrate Judges in this district, wherein Petitioner makes similar challenges to other disciplinary proceedings.

evidence used to determine guilt [was] not a complete and detail[ed] written statement of the offense committed."[2]  Petition, p.2, Brief in Support Ex. 6.  As of the time of the filing of the petition herein on September 29, 2005, no rehearing had been held, the punishment had not been rescinded, and his earned credits had not been restored. Petition, p. 8.  Oklahoma Department of Corrections' Policy OP-060125 provides that rehearings ordered by a facility head "should be conducted within 90 calendar days from the date of the order, unless exceptional circumstances dictate otherwise."  Department of Corrections' Policy OP-060125(V)(A)(5), Brief in Support, Ex. 7(D).  Petitioner argued in the petition that because no rehearing had been conducted within ninety days that his earned credits must be restored, that his parole consideration date should be reinstated, and that he should be returned to level four for purposes of earning credits.  Petition, p. 8.

On October 24, 2005, Petitioner filed his emergency application for a temporary restraining order and/or a preliminary injunction against the Respondent, asserting that as retaliation for filing the petition, the rehearing previously ordered by Mr. Cody had been set by Department of Corrections' officials for October 20, 2005.  Petitioner requested that the Court preclude the prison officials from conducting the untimely rehearing, which he contends would necessarily interfere with his ongoing 28 U.S.C. § 2241 proceedings.

---

[2] When a prison disciplinary proceeding may result in the loss of earned, or good conduct credits, due process requires that the inmate receive "(1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and ( 3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

In the November 3, 2005 response to the petition, Respondent states that the rehearing was conducted as scheduled on October 20, 2005, and that Petitioner was again convicted. Respondent's Response, p. 1, Ex. 3. Accordingly, the emergency application for a temporary restraining order and/or preliminary injunction should be deemed as moot because the Court cannot stop a hearing that has already been conducted.[3]

Secondly, because the rehearing has been conducted, Petitioner's only potential for habeas relief based on the June 8, 2005 order for rehearing by Mr. Cody would require the Court to recognize the existence of a constitutional claim stemming from the Department of Corrections' failure to adhere to the ninety-day period for conducting rehearings set forth in Department of Corrections' Policy OP-060125(V)(A). Petitioner however cannot establish any such claim. Department of Corrections' Policy OP-060125(V)(A)(4), as well as the introduction to OP-060125, specifically state that the policy is not intended to create due process rights in the prison disciplinary procedures. The untimeliness of the rehearing does not implicate Petitioner's constitutional rights, because "a failure to adhere to administrative regulations does not equate to a constitutional violation." Malik v. Kindt, No. 95-6057, 1996 WL 41828, *2 (10th Cir. Feb. 2, 1996) (quoting Hovater v. Robinson, 1 F.3d 1063, 1068, n. 4 (10th Cir. 1993)).[4]

Finally, as set forth above, the Department of Corrections' October 20, 2005 disciplinary hearing resulted in a finding of guilty. The merits of that determination are

---

[3] The undersigned notes that the motion, although executed on October 19, 2005, did not arrive at the Court until October 24, 2005, after the rehearing had been conducted.

[4] This and any other unpublished decision cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

not currently before the Court. Petitioner will be able to pursue 28 U.S.C. § 2241 relief only after he has complied with the appeal procedures set forth in Department of Corrections' Policy OP-060125(V)(A) and with the procedure available in state court pursuant to Okla. Stat. tit. 57 § 564.1, should that apply to his particular circumstances. Thereafter, if Petitioner believes he has not been afforded the due process required by Hill, he may file a new 28 U.S.C. § 2241 action. All issues regarding his February 7, 2005 disciplinary conviction are moot as a result of the October 20, 2005 rehearing, and any new issues stemming from the rehearing have not been exhausted and thus are subject to dismissal without prejudice. See e.g. Blum v. Federal Bureau of Prisons, No 98-1055, 1999 WL 638232, *1 (10th Cir. Aug. 23, 1999) (because the petitioner had a de novo rehearing whereby he was convicted, even if there were due process violations at the original hearing such violations provide no basis for overturning the conviction at the rehearing).

## RECOMMENDATION

For the reasons set forth above it is recommended that the petition for a writ of habeas corpus be dismissed as moot and that Petitioner's motion for temporary restraining order and/or motion for preliminary injunction [Doc. No. 11] be deemed moot. Petitioner is advised of his right to object to this Report and Recommendation by filing any objections with the Clerk of this Court on or before January 18, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir.

1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of December, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE